# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                      **CIVIL ACTION**

                                                     **NO. 15-00598-JJB-EWD**

**VERSUS**

**STATE OF LOUISIANA**


## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 29, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS                                         CIVIL ACTION

VERSUS                                               NO. 15-00598-JJB-EW

STATE OF LOUISIANA

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court following the partial denial of plaintiff's unopposed Motion for Relief from Judgement [sic] with Request for Court to Appoint Process Server with Attachments. (R. Docs. 7 and 16). After denying as premature Mr. Wells' request for relief from judgment, the Court referred the matter for consideration of Mr. Wells' request for a court-appointed process server and "for any such action as may be appropriate relative to whether the notice of removal is frivolous and whether sanctions should be imposed considering the numerous other similar filings made by plaintiff to this court. *See State of Louisiana v. Kelvin Wells*, Civil Action 14-56-BAJ-RLB, Doc. 12." (R. Doc. 16).

### Background

This action was originally brought by The Louisiana Department of Children and Family Services, on Behalf of the Minor Child/ren Porsche Harris by Application of Tunya Harris against Kelvin Wells in the 23rd Judicial District Court ("JDC"), Ascension Parish, Louisiana, to recover past-due child support owed by Mr. Wells.[1]  In at least four prior instances, Mr. Wells has had cases in this district dismissed that were based, in part, on his disagreement with circumstances

---

[1] The case is captioned *The Louisiana Department of Children and Family Services on Behalf of the Minor Child/ren Porsche Harris by Application of Tunya Harris v. Kelvin Wells*, Docket No. 102,073 Div. B, 23rd JDC, Parish of Ascension, State of Louisiana.  Mr. Wells did not attach the pleading initiating the state court action.

surrounding court ordered child support collections and a subsequent attempt to have the federal

court intervene.  See *Wells v. Williams*, Civ. Action No. 06-247; *Wells v. Department of Social*

*Services*, Civ. Action No. 09-469; *Wells v. State of Louisiana*, Civ. Action No. 10-111; *State of*

*Louisiana v. Kelvin Wells*, Civ. Action No. 14-56.

On September 4, 2015, Mr. Wells filed a court-issued "complaint" form that he titled a

"Notive [sic] of Removal," asserting removal of the 23rd JDC action based upon the same grounds

alleged in his Notice of Removal filed in Civ. Action No. 14-56, cited above.  (R. Doc. 1).

According to the Complaint/Notice of Removal, Mr. Wells believed this matter was included in

Civ. Action No. 14-56 since both cases involve the seizure of his veteran's disability benefits,

allegedly without notice or due process.  (*Id*. at 2).  Mr. Wells sought removal of the instant matter

pursuant to 28 U.S.C. §§ 1331 and 1441-1446, claiming the State illegally obtained his banking

information, denied him fair hearings, denied him administrative review, compelled witnesses to

commit perjury, and denied him counsel.  (R. Docs. 1, 5-1, and 11).  Mr. Wells also claims he has

been denied due process and equal protection in the 23rd JDC action and that his civil rights have

been violated by the illegal garnishment of his disability benefits.  (R. Doc. 11 at 1).

In the instant Motion, Mr. Wells seeks relief from the 23rd JDC proceedings, which

allegedly continued even after he filed the Complaint/Notice of Removal in this Court.  (R. Doc.

7).  Mr. Wells asks this Court to (1) notify the 23rd JDC to proceed no further; (2) have an

evidentiary hearing; or (3) appoint a process server to serve the 23rd JDC with a copy of his

Complaint/Notice of Removal.  (*Id*. at 2).  On February 24, 2016, this Court denied as premature

the motion for relief from judgment, but referred the request for appointment of process server "to

the magistrate judge for determination in conjunction with the pending motion to proceed in forma

pauperis."  (R. Doc. 16).  The Court also referred the matter "for any such action as may be

appropriate relative to whether the notice of removal is frivolous and whether sanctions should be imposed considering the numerous other similar filings made by plaintiff to this court.  See *State of Louisiana v. Kelvin Wells*, Civil Action 14-56-BAJ-RLB, Doc. 12."[2]  (*Id.*).

On March 8, 2016, this Court granted Mr. Wells' application to proceed in forma pauperis. (R. Doc. 18).

<u>Analysis</u>

The allegations raised in the instant action are nearly identical to those asserted in Civ. Action No. 14-56, *State of Louisiana v. Kelvin Wells*, which this Court remanded for lack of removal jurisdiction.  In that case, Mr. Wells similarly sought removal of a state action pursuant to 28 U.S.C. §§ 1441-1446, arguing that the State "illegally obtained his banking information." (Civ. Action No. 14-56, R. Doc. 12 at 3).  Mr. Wells also claimed that his Fourteenth Amendment Rights had been violated because he had been "denied of due process, equal protection, counsel while his veterans benefits stolen, made to pay for counsel, none provide denied fair hearings, administrative reviews, state compelled witnesses to commit perjury, rewarded witnesses for perjury and still has proceedings even though jurisdiction rest in federal co[urt]."  (*Id.*) (internal quotation omitted).  On March 19, 2015, this Court adopted the Report and Recommendation of the magistrate judge and remanded Civ. Action No. 14-56 back to state court for lack of removal jurisdiction.  (*Id.*, R. Doc. 17).  For the same reasons relied upon by this Court in Civ. Action No. 14-56, the instant matter should also be remanded to the state court for lack of removal jurisdiction.

---

[2] In R. Doc. 12 of Civ. Action No. 14-56, the magistrate judge recommended the imposition of sanctions against Mr. Wells because he has initiated or removed numerous lawsuits in this Court, all of which have been dismissed or remanded to state court, and because he has received at least two sanction warnings from the Fifth Circuit.  (Civ. Action No. 14-56, R. Doc. 12 at 8-9) (citing *Wells v. Divincenti*, 582 F. App'x 318 (5th Cir. 2014); *E. Baton Rouge Par. Sch. Bd. v. Wells*, 467 F. App'x 294, 295 (5th Cir. 2012)).

In Civ. Action No. 14-56, the magistrate judge also recommended that sanctions be imposed against Mr. Wells because he "has initiated or removed more than thirty (30) lawsuits in this Court accusing various public and private parties of civil rights violations, all of which have been dismissed or remanded to state court." (*Id.*, R. Doc. 12 at 8).  The magistrate judge noted that Civ. Action No. 14-56 was at least the fourth time Mr. Wells had attempted to challenge state court action regarding his delinquent child support obligations, despite previously receiving two sanction warnings from the Fifth Circuit for filing frivolous pleadings.  (*Id.* at 8-9) (citing *Wells v. DiVicenti*, 582 F. App'x 318 (5th Cir. 2014); *E. Baton Rouge Par. Sch. Bd. v. Wells*, 467 F. App'x 294 (5th Cir. 2012)).  This Court adopted the magistrate judge's Report and Recommendation, but elected not to impose sanctions against Mr. Wells at that time.  (Civ. Action No. 14-56, R. Doc. 17).

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such power is the authority to levy sanctions in response to abusive litigation practices.  *Id.*  Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  The Fifth Circuit has cautioned that where monetary sanctions are ineffective in deterring vexatious filings, enjoining such filings would be considered.  *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 360 (5th Cir. 1986) (citing *Day v. Allstate Ins. Co*., 788 F.2d 1110 (5th Cir. 1986)).  A court's invocation of its inherent power to impose sanctions requires a finding of bad faith or willful abuse of the judicial process.  *See In re Moore*, 739 F.3d 724, 729 (5th Cir. 2014) (citation omitted).  In light of Mr. Wells' repetitive filings challenging the same subject matter, his underlying child support obligation, and in light of

the fact prior threats of sanctions by this Court and the Fifth Circuit have not proven a sufficient deterrent, sanctions are warranted.  *See Hornbuckle v. Bank of Am. Nat. Ass'n,* 581 F. App'x 347, 348 (5th Cir. 2014).

The instant case is now Mr. Wells' fifth attempt to challenge state court action regarding his delinquent child support obligation.  On at least two prior occasions, the Fifth Circuit has warned Mr. Wells that "future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions" and that such sanctions could include "dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction."  *DiVicenti*, 582 F. App'x at 318; *E. Baton Rouge Par. Sch. Bd.*, 467 F. App'x at 295. Because Mr. Wells has ignored the Fifth Circuit's warnings against filing frivolous or repetitive filings, it is recommended that Mr. Wells be ordered to pay a sanction of $100 to the clerk of this court.  It is also recommended that Mr. Wells be barred from filing any pleading related to the child support obligation in this Court until the sanction is paid in full, unless he first obtains leave of this Court to file such pleadings.  It is further recommended that the district court warn Mr. Wells that any future frivolous or repetitive filings regarding the same subject matter will subject him to additional and progressively more severe sanctions, as will the failure to withdraw any pending matters that are frivolous.  *See Hornbuckle*, 581 F. App'x at 348.

The Fifth Circuit has imposed similar sanctions on pro se defendants who abused their right to proceed in forma pauperis.  *See Vinson v. Texas Board of Corrections*, 901 F.2d 474, 475 (5th Cir. 1990) (barring plaintiff from filing any further appeals in that court until he had paid the $150 sanction levied upon him by the district court); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (assessing plaintiff with the costs of his appeal, but not in excess of $75.00 since he was an in forma pauperis petitioner).  Similar sanctions have also been imposed upon pro se defendants

who sought in forma pauperis status on appeal.  *See United States v. Johnson,* 633 F. App'x 240, 241 (5th Cir. 2016), *as revised* (Feb. 8, 2016) (court imposed a $100 sanction and barred defendant from filing any pleading on the same subject matter until the sanction was paid, unless he obtained leave of court); *Hornbuckle,* 581 F. App'x at 348 (finding no abuse of discretion in the district court's $500 sanction, the court imposed an additional $500 sanction and barred plaintiff from filing any pleadings until the sanction was paid in full, unless she first obtained leave of court).

Although Mr. Wells is a pro se litigant, ignorance of the law or legal procedure is no excuse for filing a frivolous action, particularly not where, as here, he has been repeatedly advised of the frivolous and repetitive nature of the claims asserted.  *See Granger v. Youn*g, No. 1:94CV045, 1994 WL 904639, at *1 (E.D. Tex. June 28, 1994) (citing *Kurkowski v. Volker*, 819 F.2d 201, 204 (8th Cir. 1987)).  That Mr. Wells' filings are pro se offers him "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### Recommendation

For the same reasons set forth in this Court's March 19, 2015, Ruling and Order remanding Civ. Action No. 14-56 to state court (Civ. Action No. 14-56, R. Doc. 17), it is recommended that this matter be **REMANDED** to the 23rd JDC, Parish of Ascension, Louisiana, and that Mr. Wells' Motion for Relief from Judgement [sic] with Request for Court to Appoint Process Server with Attachments be **DENIED** as moot.  (*See* R. Doc. 7).

It is further recommended that this Court impose sanctions upon Mr. Wells for continuing to file frivolous and repetitive pleadings despite receiving several sanction warnings from this Court and the Fifth Circuit against filing such pleadings.  It is recommended that this Court impose

a $100 sanction and bar Mr. Wells from filing any additional pleadings in this Court until the monetary sanction is paid in full, unless Mr. Wells obtains leave of this Court to file such pleadings.

Signed in Baton Rouge, Louisiana, on April 29, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**